574 A.2d 305

**Norris Benjamin CARTER**

v.

**STATE of Maryland.**

**No. 35, Sept. Term, 1989.**

Court of Appeals of Maryland.

June 1, 1990.

J. Edgie Russell (Russell & Heffner, both on brief) Frederick, for petitioner.

Thomas K. Clancy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief) Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL,* JJ.

COLE, Judge.

In this case we are asked to determine whether a District Court sentence for driving under the influence of alcohol may be increased in the circuit court under the enhanced punishment statute when the subsequent offender notice is filed after the District Court trial but before the *de novo* appeal to the circuit court.

The Petitioner was charged with several motor vehicle violations including driving while intoxicated and driving under the influence of alcohol. Md.Trans.Code Ann. § 21–902(a) and (b) (1987 Repl.Vol.).[1] Petitioner had a history of alcohol related convictions, and the Assistant State's Attorney in the District Court had successfully prosecuted Petitioner on previous occasions for the same offenses. The case was originally heard in the District Court sitting in Frederick County (Bower, J.).

As a result of a plea agreement, Petitioner waived his right to a jury trial, pleaded not guilty, and waived formal proof by stipulating that the facts read into the record by the Assistant State's Attorney would have been the testimo-

---

* Blackwell, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

1. Section 21–902 provides in pertinent part:
   (a) **Driving while intoxicated.**—A person may not drive or attempt to drive any vehicle while intoxicated.
   (b) **Driving while under the influence of alcohol.**—A person may not drive or attempt to drive any vehicle while under the influence of alcohol.

ny of the state trooper who arrested him. The State, in accordance with the agreement, subsequently amended the charge to driving under the influence, and Petitioner was found guilty and sentenced to 60 days.

On that same day, Petitioner noted an appeal to the Circuit Court for Frederick County. Three months later, the State served notice for the first time that it would seek enhanced punishment under Maryland Rule 4–245, which provides in pertinent part:

(b) **Required Notice of Additional Penalties.**—When the law permits but does not mandate additional penalties because of a specified previous conviction,[2] the court shall not sentence the defendant as a subsequent offender unless the State's Attorney serves notice of the alleged prior conviction on the defendant or counsel before the acceptance of a plea of guilty or nolo contendere or at least 15 days before trial in circuit court or five days before trial in District Court, whichever is earlier.

A trial *de novo* was conducted before a jury on the charge of driving under the influence. Petitioner was found guilty, and was sentenced as a subsequent offender to one year in prison. We granted certiorari to address the important issue raised.

Petitioner's basic contention is that even if he waived his right to a jury trial and submitted to the jurisdiction of the District Court, the State may not prosecute him on appeal as a subsequent offender because the State failed to give the required notice under MR 4–245(b). The rule clearly requires the State to give notice five days prior to trial in the District Court or fifteen days prior to trial in the circuit court, whichever is earlier. Since the District Court had

---

2. Enhanced punishment for second or subsequent convictions for driving under the influence of alcohol is authorized by Md.Trans.Code Ann. § 27–101(f) (1987 Repl.Vol.) which provides:

(f) ... Any person who is convicted ... of a second or subsequent violation of ... § 21–902(b) of this article ("Driving while under the influence of alcohol") is subject to a fine of not more than $500 or imprisonment for not more than 1 year or both.

jurisdiction to try the case, Petitioner argues, the State was required to provide notice five days before his District Court trial, which was the earlier trial. The State's argument, that its caseload is too backed-up to allow it to provide notice before District Court trials, is no answer. We agree with Petitioner. We explain.

The appellate courts of this state have examined both the history of the enhanced punishment statutes, *Sullivan v. State*, 29 Md.App. 622, 349 A.2d 663 (1976), and the purpose of filing subsequent offender notices. *King v. State*, 300 Md. 218, 477 A.2d 768 (1984). In *King*, we concluded that the purpose of the notice provision "is, and always has been, to inform a defendant fully of the nature of the State's case against him in order that he may intelligently conduct his defense." *Id.* at 231, 477 A.2d at 775; *see also Arnold v. United States*, 443 A.2d 1318, 1325–27 (D.C. 1982). Although *King* dealt with the specificity requirements of the notice, we believe that the analysis articulated there is equally applicable to the time requirements.

The language of MR 4–245(b) is clear and unambiguous and consistent with the purpose of the statute which is to provide notice to the defendant. The language requires that the notice be filed as early as possible based on the alternatives provided. Hence, we will interpret the language of the statute to effectuate this legislative goal. *Kaczorowski v. City of Baltimore*, 309 Md. 505, 516, 525 A.2d 628, 633 (1987).

Maryland Rule 4–245(b) requires notice before (1) a plea of guilty or *nolo contendere* is accepted; or (2) fifteen days before circuit court trial is held; or (3) five days before a District Court trial is held. The rule continues and clarifies which of these events triggers the notice requirement first. By express language, whichever deadline occurs first is the deadline by which notice must be served.

In this case there were trials in both the District Court and the circuit court. In order to seek enhanced punishment as a subsequent offender, the State was required to

give notice by the earlier of five days before the District Court trial or fifteen days before trial in the circuit court.

In order to justify its failure to file notice before the District Court proceeding, the State claims that a lack of both manpower and time prevents it from obtaining the records of defendants in time to file the notices. This was the same excuse successfully set forth by the State in *State v. Swinson,* 71 Md.App. 661, 527 A.2d 56 (1987).

In *Swinson,* the defendant was to be tried at the District Court level for driving while intoxicated and driving under the influence. The defendant had previously been convicted of the same charges. The State became aware of these prior convictions shortly after the defendant's arrest, but it did not choose to file a notice of subsequent offender status at the District Court level. "As a result, had trial actually occurred on the scheduled date, the District Court would have been precluded by Md. Rule 4-245(b) from imposing the enhanced sentence otherwise authorized by § 27–101(f)." *Id.* at 663, 527 A.2d at 57 (footnote omitted).

The reason no trial occurred was because the defendant prayed for a jury trial on the date trial was to begin. The State in *Swinson* was able to file notice after the District Court date had passed because the prosecutor "did nothing more here than to avail himself of an opportunity opened up by [the defendant's] decision to *remove* the case to the Circuit Court." *Id.* at 670, 527 A.2d at 60 (emphasis added). The implication is that had there been a District Court trial and an appeal, as opposed to a removal from the District Court, the "opportunity" to file the notice at the circuit court level would not have been present. Since no trial was held in the District Court, the State was free to seek enhanced punishment in the circuit court, as long as it complied with the notice requirements at that level.

In the instant case, Petitioner did not receive notice that he would be subject to enhanced punishment until after the District Court trial took place. Therefore, he did not have the opportunity to make a realistic assessment of the conse-

quences of pleading not guilty and waiving formal proof in District Court. Nor could he intelligently conduct his defense without knowing what his full potential sentence might be. The notice requirement of MR 4–245(b) is intended to prevent such situations. Because the State did not file its notice of enhanced punishment by the earlier of the applicable deadlines specified in the rule, the circuit court was prohibited from sentencing Petitioner as a subsequent offender. Consequently, the maximum sentence that Petitioner could have received in circuit court was 60 days and/or $500.00, the maximum possible sentence without enhanced punishment for a conviction for driving under the influence.

SENTENCE OF THE CIRCUIT COURT FOR FREDERICK COUNTY VACATED. CASE REMANDED TO THAT COURT FOR RESENTENCING CONSISTENT WITH THIS OPINION. FREDERICK COUNTY TO PAY THE COSTS.