*Alfred Fielding v. State of Maryland*, No. 2681, September Term, 2016, filed July 26, 2018. Opinion by Battaglia, J.

**CRIMINAL PROCEDURE — JURISDICTION — EXCLUSIVE ORIGINAL JURISDICTION OF DISTRICT COURT:** Generally, the District Court of Maryland, not a circuit court, has exclusive original jurisdiction in a criminal case in which a person at least 16 years old is charged with a violation of the vehicle laws or with a common-law or statutory misdemeanor.

**CRIMINAL PROCEDURE — JURISDICTION — CONCURRENT JURISDICTION OF DISTRICT COURT:** The jurisdiction of the District Court is concurrent with that of the circuit court in a criminal case in which the penalty may be confinement for 3 years or more or a fine of $2,500 or more.

**CRIMINAL PROCEDURE — FUNDAMENTAL JURISDICTION:** A court is without power to render a verdict or impose a sentence under a charging document which does not charge an offense within its jurisdiction prescribed by common law or by statute. Under such circumstances, the court lacks fundamental subject-matter jurisdiction to render a judgment of conviction, that is, it is powerless in such circumstances to inquire into the facts, to apply the law, and to declare the punishment for an offense. Any action taken by a court while it lacks fundamental jurisdiction is a nullity, for to act without such jurisdiction is not to act at all.

**CRIMINAL PROCEDURE — JURISDICTION OF DISTRICT COURT:** A traffic citation is a charging document, and, upon its filing, jurisdiction attaches in the District Court.

**CRIMINAL PROCEDURE — SUBSEQUENT OFFENDERS — NOTICE OF INTENT TO SEEK ENHANCED PENALTIES UNDER MARYLAND RULE 4-245(b) — ELIGIBILITY FOR ENHANCEMENT:** If an enhanced penalty statute is of the "permissive-but-not-mandatory" type, then, unless the State complies with Rule 4-245(b), a court shall not sentence a defendant as a subsequent offender. Thus, the State's compliance with Rule 4-245(b) is a condition precedent to a defendant's eligibility for an enhanced sentence under that section of the rule.

**CRIMINAL PROCEDURE — JURISDICTION — EVENTS DIVESTING THE JURISDICTION OF THE DISTRICT COURT:** Except for defendants below age 18, there are three triggering events, which divest the District Court of its original jurisdiction in criminal cases: (1) a defendant's prayer for a jury trial; (2) the State's filing of a charge, arising out of the same circumstances but not within the District Court's jurisdiction; and (3) the State's filing of a charge, in the circuit court, of a charge arising

out of the same circumstances and within the concurrent jurisdictions of the District Court and the circuit court.

**CRIMINAL PROCEDURE — JURISDICTION — EXCLUSIVE ORIGINAL JURISDICTION OF DISTRICT COURT:** In the instant case, where the flagship charges against the defendant, driving while under the influence of alcohol, fell within the exclusive original jurisdiction of the District Court, the State's allegation that the defendant was a subsequent offender did not vest concurrent jurisdiction in the circuit court. Nor did the State's filing of notice of its intent to seek enhanced penalties, under Rule 4-245(b), divest the District Court of its jurisdiction.

Circuit Court for Prince George's County
Case Nos. CT16-0294X, CT16-0295X

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2681

September Term, 2016

_____

ALFRED FIELDING

v.

STATE OF MARYLAND

_____

Wright,
Kehoe,
Battaglia, Lynne A.
   (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Battaglia, J.

_____

Filed: July 26, 2018

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Bessie Decker, Clerk
April 20, 2018

Whether the District Court is divested of its exclusive original jurisdiction over the charge of driving under the influence by the State's filing, in the circuit court, of a notice of intent to seek enhanced penalties as a subsequent offender is the question under consideration in the present appeal. We shall answer that question in the negative and, accordingly, shall vacate the judgments and remand with instructions to grant the motion to dismiss.

## BACKGROUND

On two separate occasions, in August 2015, and November 2015, Alfred Fielding, appellant, was arrested, in Prince George's County, on suspicion of driving while under the influence of alcohol. On each occasion, he was issued citations for multiple traffic offenses, with the lead offense, in each instance, being driving while under the influence of alcohol.[1]

On March 8, 2016, Fielding was charged by criminal information, in the Circuit Court for Prince George's County, in two separate cases, Numbers CT16-0295X and CT16-0294X, corresponding to the offenses allegedly committed in August and November 2015, respectively. Each information charged a violation of Transportation

---

[1] Although the citations are not in the record, Maryland Case Search indicates that, on August 30, 2015, Fielding was issued eight citations, for various traffic offenses, including driving while under the influence of alcohol, and the criminal information subsequently filed in Case Number CT16-0295X expressly refers to six of those citations. Likewise, it appears that, on November 30, 2015, Fielding was issued twelve citations, for various traffic offenses, including driving while under the influence of alcohol, and the criminal information subsequently filed in Case Number CT16-0294X refers to eight of those citations. *See* Md. Rule 5-201(a)-(c).

Article ("TR"), § 21-902(a)(1)[2] (driving while under the influence of alcohol), as well as other violations of the Transportation Article of the Code.[3]  Later the same day,[4] the State

---

[2] At the time of the offenses, Maryland Code (1977, 2012 Repl. Vol., 2015 Supp.), Transportation Article ("TR"), § 21-902(a) provided:

> (a)(1) A person may not drive or attempt to drive any vehicle while under the influence of alcohol.

> (2) A person may not drive or attempt to drive any vehicle while the person is under the influence of alcohol per se.

> (3) A person may not violate paragraph (1) or (2) of this subsection while transporting a minor.

At that same time, the penalty provisions for violations of TR § 21-902 were codified at TR § 27-101, subsections (k) and (q).  Effective October 1, 2017, TR §§ 21-902 and 27-101 were amended, with the effect that the penalty provisions for violations of § 21-902 were transferred to § 21-902.  2017 Md. Laws, ch. 55.  All statutory citations throughout this opinion are to the versions in effect at the time of the offenses, which are at the 2012 Replacement Volume of the Transportation Article, as amended by the 2015 Supplement, unless otherwise noted.

[3] The eight-count criminal information in Case Number CT16-0294X charged Fielding with violations of:  (1) TR § 21-902(a)(1) (driving while under the influence of alcohol);  (2)  TR § 21-902(b)(1)  (driving  while  impaired  by  alcohol);  (3) TR § 16-303(c) (driving while license suspended); (4) TR § 16-101(a) (driving without a valid license); (5) TR § 16-113(j) (driving with alcohol in the blood in violation of a license restriction); (6) TR § 21-901.1(b) (negligent driving); (7) TR § 21-405(b) (failure to drive immediately to the curb upon the approach of a police vehicle); and (8) TR § 21-804(a) (impeding the normal and reasonable movement of traffic).  The six-count criminal information in Case Number CT16-0295X charged Fielding with violations of:  (1) TR § 21-902(a)(1) (driving while under the influence of alcohol); (2) TR § 21-902(a)(2)  (driving  while  under  the  influence  of  alcohol  per  se);  (3) TR § 21-902(b)(1)  (driving while impaired by alcohol); (4) TR § 16-303(c) (driving while license suspended); (5) TR § 16-113(j) (driving with alcohol in the blood in violation of a license restriction); and (6) TR § 21-901.1(b) (negligent driving).

[4] The notices of intent to seek subsequent-offender penalties were filed on the same date that the charges were filed but later in time, as the State conceded both in the

(continued)

filed notices of intent to seek enhanced penalties, under Maryland Rule 4-245(b),[5] in both

cases for driving while under the influence of alcohol, because Fielding, the State alleged,

previously had been convicted of multiple violations of that same statutory provision.[6]

---

(continued)
circuit court and before us.  In Case Number CT16-0294X, a second notice, based upon the same prior offenses stated in the other notices, was filed two months later, for reasons that are not apparent from the record.

[5] Maryland Rule 4-245 provides in part:

> **(a) Definition.**  A subsequent offender is a defendant who, because of a prior conviction, is subject to additional or mandatory statutory punishment for the offense charged.
>
> **(b) Required Notice of Additional Penalties.**  When the law permits but does not mandate additional penalties because of a specified previous conviction, the court shall not sentence the defendant as a subsequent offender unless the State's Attorney serves notice of the alleged prior conviction on the defendant or counsel before the acceptance of a plea of guilty or nolo contendere or at least 15 days before trial in circuit court or five days before trial in District Court, whichever is earlier.

**\* \* \***

[6] Each notice alleged the following predicate convictions (or, in one case, a purported conviction):  in 2005, driving while under the influence of alcohol, in violation of TR § 21-902(a)(1); in 2003, driving while impaired by alcohol, in violation of TR § 21-902(b); and, in 1999, a probation before judgment for driving while intoxicated, in violation of TR § 21-902(a)(1).  It is unclear whether either of these convictions, or the probation before judgment, could have subjected Fielding to an enhanced penalty.  *See* TR § 27-101(k)(2) (providing that, "[f]or the purposes of second or subsequent offender penalties for violation of § 21-902(a) of this article provided under this subsection, a prior conviction under § 21-902(b), (c), or (d) of this article, **within 5 years of the conviction** for a violation of § 21-902(a) of this article, shall be considered a conviction under § 21-902(a) of this article") (emphasis added).  *See also* Md. Code (2002, 2012 Repl. Vol., 2017 Supp.), TR § 21-902(a)(1)(iv) (expressly including within the universe of
(continued)

Although, generally, the District Court of Maryland, not a circuit court, has "exclusive original jurisdiction in a criminal case in which a person at least 16 years old . . . is charged with violation of the vehicle laws," Courts and Judicial Proceedings Article ("CJ"), § 4-301(a),[7] the State, in filing the informations in the circuit court, relied

predicate crimes only those violations of **TR § 21-902(a)** that are "**within 5 years before the conviction**") (emphasis added). As for the probation before judgment, although *Shilling v. State*, 320 Md. 288 (1990), held that a probation before judgment is deemed a conviction for purposes of what is now Criminal Procedure Article, § 6-220, which prohibits a court from granting probation before judgment for a violation of TR § 21-902 if the defendant has previously, within a specified time period (now 10 years), received a probation before judgment for a violation of that same statute, that case said nothing about whether a probation before judgment is deemed a conviction for purposes of the imposition of the enhanced penalties under TR § 27-101(k)(ii)-(iii). *See Shilling*, 320 Md. at 296 (observing "that probation before judgment [is] a conviction in certain instances, but not a conviction in others").

[7] Maryland Code (1974, 2012 Repl. Vol.), Courts and Judicial Proceedings Article ("CJ"), § 4-301, provides in pertinent part:

> (a) Except as provided in §§ 3-803 and 3-8A-03 of this article and 4-302 of this subtitle, the District Court has exclusive original jurisdiction in a criminal case in which a person at least 16 years old or a corporation is charged with violation of the vehicle laws, or the State Boat Act, or regulations adopted pursuant to the vehicle laws or State Boat Act.
>
> (b) Except as provided in § 4-302 of this subtitle, the District Court also has exclusive original jurisdiction in a criminal case in which a person at least 18 years old or a corporation is charged with:
>
> > (1) Commission of a common-law or statutory misdemeanor regardless of the amount of money or value of the property involved;
>
> > * * *

(continued)

4

upon an exception to that exclusivity, under CJ § 4-302(d)(1)(i), which provides, as relevant here, that "the jurisdiction of the District Court is concurrent with that of the circuit court in a criminal case . . . [i]n which the penalty may be confinement for 3 years or more or a fine of $2,500 or more[.]"[8]  Whereas a charge of driving while under the

_____

(continued)

[8] CJ § 4-302(d) states:

> (d)(1) Except as provided in paragraph (2) of this subsection, the jurisdiction of the District Court is concurrent with that of the circuit court in a criminal case:
>
>> (i) In which the penalty may be confinement for 3 years or more or a fine of $2,500 or more; or
>>
>> (ii) That is a felony, as provided in § 4-301(b)(2), (6), (7), (8), (9), (10), (11), (12), (13), (14), (15), (16), (17), (18), (19), (20), (21), (22), (23), (24), and (25) of this subtitle.
>
> (2)(i) Except as provided in subparagraph (ii) of this paragraph, a circuit court does not have jurisdiction to try a case charging a violation of § 5-601 or § 5-620 of the Criminal Law Article.
>
> (ii) A circuit court does have jurisdiction to try a case charging a violation of § 5-601 or § 5-620 of the Criminal Law Article if the defendant:
>
>> 1. Properly demands a jury trial;
>>
>> 2. Appeals as provided by law from a final judgment entered in the District Court; or
>>
>> 3. Is charged with another offense arising out of the same circumstances that is within a circuit court's jurisdiction.

(continued)

5

influence of alcohol, standing alone, carries a maximum penalty of "a fine of not more than $1,000, or imprisonment for not more than 1 year, or both," that same charge, if alleged against a person who has previously committed three or more such offenses, potentially carries a maximum penalty of "a fine of not more than $3,000, or imprisonment for not more than 3 years, or both." TR § 27-101(k)(1)(i), (iii).[9] It is undisputed that the State's notices of intent to seek enhanced penalties, through which it

_____

(continued)

[9] At the time of the alleged offenses, § 27-101(k) provided:

> (1) Except as provided in subsection (q) of this section [relating to violations of § 21-902(a) while transporting a minor], any person who is convicted of a violation of any of the provisions of § 21-902(a) of this article ("Driving while under the influence of alcohol or under the influence of alcohol per se") or § 21-902(d) of this article ("Driving while impaired by controlled dangerous substance"):
>
> > (i) For a first offense, shall be subject to a fine of not more than $1,000, or imprisonment for not more than 1 year, or both;
> >
> > (ii) For a second offense, shall be subject to a fine of not more than $2,000, or imprisonment for not more than 2 years, or both; and
> >
> > (iii) For a third or subsequent offense, shall be subject to a fine of not more than $3,000, or imprisonment for not more than 3 years, or both.

The same penalties are in effect currently but are codified at TR § 21-902.

6

attempted to invoke CJ § 4-302(d)(1)(i), provided the sole jurisdictional basis for filing charges in the circuit court rather than in the District Court.[10]

Fielding moved to dismiss, alleging that the circuit court lacked subject-matter jurisdiction over the charges because the State's subsequent filing of a notice of intent to seek enhanced penalties did not and could not divest the District Court of its exclusive original jurisdiction in these cases, as mandated by CJ § 4-301(a). After that motion was denied, Fielding noted an interlocutory appeal. In an unreported opinion, we dismissed that appeal (along with several others raising the same issue), because, we held, no statutory provision permitted the appeal, nor was it allowed under the collateral order doctrine. *Fielding v. State*, No. 876, Sept. Term, 2016 (filed May 31, 2017).

Following remand, Fielding entered a conditional guilty plea, pursuant to Maryland Rule 4-242(d),[11] to two counts of driving while under the influence of alcohol.

_____

[10] The State appears to suggest, without expressly so stating, that Fielding's status as a repeat offender per se rendered him subject to the concurrent original jurisdiction of the circuit court. That suggestion, however, cannot be correct, because the failure to provide notice of intent to seek an enhanced penalty, under Rule 4-245(b), renders a defendant ineligible to receive an enhanced sentence. *Carter v. State*, 319 Md. 618, 620-21 (1990).

[11] Maryland Rule 4-242(d) provides:

**(d) Conditional Plea of Guilty.**

(1) *Scope of Section.* This section applies only to an offense charged by indictment or criminal information and set for trial in a circuit court or that is scheduled for trial in a circuit court pursuant to a prayer for jury trial entered in the District Court.

(continued)

7

In return, the State entered *nolle prosequi* to all the remaining counts in both charging documents and agreed that the sentences on both counts would be two years' imprisonment, all suspended, followed by three years' supervised probation, to run concurrently with each other and with the sentence that had been imposed, two weeks previously, in yet another alcohol-related traffic case, in Charles County, in Case Number 08-K-15-001070, which is not the subject of this appeal.[12]  Fielding thereafter noted the instant appeal, raising, once again, the claim that the circuit court lacked subject-matter jurisdiction over the charges.

---

(continued)

> (2) *Entry of Plea; Requirements.*  With the consent of the court and the State, a defendant may enter a conditional plea of guilty.  The plea shall be in writing and, as part of it, the defendant may reserve the right to appeal one or more issues specified in the plea that (A) were raised by and determined adversely to the defendant, and, (B) if determined in the defendant's favor would have been dispositive of the case. The right to appeal under this subsection is limited to those pretrial issues litigated in the circuit court and set forth in writing in the plea.
>
> (3) *Withdrawal of Plea.*  A defendant who prevails on appeal with respect to an issue reserved in the plea may withdraw the plea.

[12] In May 2015, Fielding was cited, in Charles County, for driving under the influence of alcohol, driving while impaired by alcohol, and other traffic offenses.  Those charges were apparently filed in the District Court of Maryland in Charles County but were subsequently transferred to the Circuit Court for Charles County upon Fielding's prayer for a jury trial.  In June 2016, Fielding entered into a plea agreement, whereby he pleaded guilty to driving while impaired by alcohol, and, in return, the State entered *nolle prosequi* to the other five charges he faced in that case.  Then, in February 2017, the circuit court sentenced him to one year of incarceration, with all but six months suspended.

## DISCUSSION

### *Standard of Review*

The only issue before us is whether the circuit court correctly interpreted the jurisdictional statutes, which is a question of law that we review without deference. *Harrison-Solomon v. State*, 442 Md. 254, 265 (2015). When interpreting a statute, our goal is to "discern[] the intention of the Legislature when it drafted and enacted it." *Harris v. State*, 331 Md. 137, 145 (1993) (citation omitted). The first step in achieving that goal is to examine the text of the statute; if that text is "unambiguous and clearly consistent with the statute's apparent purpose, our inquiry as to legislative intent ends ordinarily and we apply the statute as written, without resort to other rules of construction." *Harrison-Solomon*, 442 Md. at 265 (quoting *Lockshin v. Semsker*, 412 Md. 257, 275 (2010)) (footnote omitted). If, however, the statutory text is ambiguous, we ordinarily must consult additional sources of legislative intent, such as "the relevant statute's legislative history, the context of the statute within the broader legislative scheme, and the relative rationality of competing constructions." *Id.* at 265-66 (citing *Witte v. Azarian*, 369 Md. 518, 525-26 (2002)).

### *Analysis*

"It is fundamental that a court is without power to render a verdict or impose a sentence under a charging document which does not charge an offense within its jurisdiction prescribed by common law or by statute." *Williams v. State*, 302 Md. 787, 791 (1985) (citations omitted). Under such circumstances, "the court lacks fundamental subject matter jurisdiction to render a judgment of conviction, i.e., it is powerless in such

9

circumstances to inquire into the facts, to apply the law, and to declare the punishment for an offense." *Id.* at 792 (citations omitted). "[A]ny action taken by a court while it lacks 'fundamental jurisdiction' is a nullity, for to act without such jurisdiction is not to act at all." *Pulley v. State*, 287 Md. 406, 416 (1980).

Section 4-301(a) of the Courts and Judicial Proceedings Article provides that the District Court has exclusive original jurisdiction "in a criminal case in which a person at least 16 years old . . . is charged with violation of the vehicle laws," and subsection (b)(1) of that same statute further provides that the District Court has exclusive original jurisdiction "in a criminal case in which a person at least 18 years old . . . is charged with . . . [c]ommission of a common-law or statutory misdemeanor regardless of the amount of money or value of the property involved[.]" A violation of TR § 21-902(a) is both a violation of the vehicle laws and a statutory misdemeanor, TR § 27-101(a), and therefore, the District Court would have had exclusive original jurisdiction in these cases, unless an exception applies.

The relevant exception to that exclusivity is found in CJ § 4-302(d)(1)(i), which provides that "the jurisdiction of the District Court is concurrent with that of the circuit court in a criminal case . . . [i]n which the penalty may be confinement for 3 years or more or a fine of $2,500 or more[.]" Whether that exception applies in the instant case is dispositive of this appeal.

In answering that question, we are led, in turn, to the closely related question of which penalty provision, TR § 27-101(k)(1)(i) or (k)(1)(iii), applies, and under precisely what circumstances. The former states that, for a first violation of TR § 21-902(a), the

10

penalty "shall be . . . a fine of not more than $1,000, or imprisonment for not more than 1 year, or both," whereas the latter states that, for a third or subsequent violation, the penalty "shall be . . . a fine of not more than $3,000, or imprisonment for not more than 3 years, or both."

In essence, the State's contention that the circuit court possessed subject-matter jurisdiction over these two cases rests upon two theoretical bases: either Fielding's status as a previous offender meant that, when the charges were filed *in the circuit court*, he was included, without more, within the class of defendants subject to a penalty of (at least) "confinement for 3 years or more or a fine of $2,500 or more," CJ § 4-302(d)(1)(i), or the subsequent filing of a notice to seek enhanced penalties thereafter brought him within that class and, concomitantly, vested jurisdiction in the circuit court *at that time*. Neither of these theories of jurisdiction in the circuit court withstands scrutiny.

When the traffic citations were filed in the District Court in these cases, jurisdiction attached, at that time, in the District Court. *See* Md. Rule 4-201(b)(3) (providing that, in the District Court, "an offense may be tried . . . on a citation in the case of a petty offense or when authorized by statute."); TR § 26-101(a)(1) (authorizing a police officer to charge a person by citation with a violation of the Maryland Vehicle Law). At the time that charges subsequently were filed in the circuit court, Fielding was not yet subject to "a fine of not more than $3,000, or imprisonment for not more than 3 years, or both," TR § 27-101(k)(1)(iii), and therefore, did not, at that time, meet the threshold for concurrent jurisdiction in the circuit court, "confinement for 3 years or more or a fine of $2,500 or more." CJ § 4-302(d)(1)(i). Therefore, the filing of the criminal

11

informations could not have divested the District Court of its jurisdiction.[13]  To understand why, we digress and explain Maryland law governing the imposition of enhanced penalties, for repeat offenders, that are permitted but not mandatory, because the enhanced penalty statute at issue in this case, TR § 27-101(k)(1)(iii), is of that type.[14]

To render an accused eligible for sentencing under such an enhanced penalty statute, the State must comply with Maryland Rule 4-245(b), which provides:

> **(b) Required Notice of Additional Penalties.** When the law permits but does not mandate additional penalties because of a specified previous conviction, the court shall not sentence the defendant as a subsequent offender unless the State's Attorney serves notice of the alleged prior conviction on the defendant or counsel before the acceptance of a plea of guilty or nolo contendere or at least 15 days before trial in circuit court or five days before trial in District Court, whichever is earlier.

If an enhanced penalty statute is of the "permissive-but-not-mandatory" type, then, unless and until the State complies with Rule 4-245(b), a "court shall not sentence" a defendant as a subsequent offender.  In other words, until the State complies with Rule 4-245(b), a

---

[13] We note that, in the 2018 Session of the General Assembly, House Bill 250 was introduced, seeking to amend CJ § 4-302(d) to provide for the concurrent jurisdiction of the District Court and a circuit court in a criminal case in which a person is charged with a second or subsequent violation of TR § 21-902.  That bill received an unfavorable report from the House Judiciary Committee and was subsequently withdrawn. http://mgaleg.maryland.gov/webmga/frmMain.aspx?pid=billpage&tab=subject3&id=hb0250&stab=01&ys=2018RS (last visited Apr. 9, 2018).

[14] The other type of enhanced penalty for repeat offenders is the mandatory sentence, which is not at issue in this case.

12

defendant is *ineligible* to receive such an enhanced sentence. *Carter v. State*, 319 Md. 618 (1990), illustrates this proposition.

In *Carter*, the defendant had been convicted, in the District Court, of driving while under the influence of alcohol[15] and was sentenced to sixty days' confinement. *Id.* at 619-20. He thereafter noted an appeal to the Circuit Court for Frederick County. *Id.* at 620. "Three months later, the State served notice for the first time that it would seek enhanced punishment under" Rule 4-245(b). *Id.* "A trial *de novo* was conducted before a jury on the charge of driving under the influence," Carter was found guilty, and he "was sentenced as a subsequent offender to one year in prison." *Id.* The Court of Appeals granted his ensuing petition for writ of certiorari, in which he raised the question of whether "a District Court sentence for driving [while] under the influence of alcohol may be increased in the circuit court under the enhanced punishment statute when the subsequent offender notice is filed after the District Court trial but before the *de novo* appeal to the circuit court." *Id.* at 619.

The Court of Appeals vacated the enhanced sentence and remanded for resentencing. *Id.* at 623. It held that, "[b]ecause the State did not file its notice of enhanced punishment by the earlier of the applicable deadlines specified in the rule, the circuit court was prohibited from sentencing [Carter] as a subsequent offender." *Id.*

---

[15] At that time, "driving while intoxicated" was equivalent to what is now "driving while under the influence of alcohol," whereas "driving while under the influence of alcohol" was the lesser-included offense, equivalent to what is now "driving while impaired by alcohol." *See* 2001 Md. Laws, chs. 4, 5 (redefining alcohol-related driving offenses); *Turner v. State*, 181 Md. App. 477, 488-89 (2008) (discussing the changes in nomenclature of alcohol-related driving offenses).

Based upon *Carter*, we conclude that the State's compliance with Rule 4-245(b) is a condition precedent to a defendant's eligibility for an enhanced sentence under that section of the rule, so that the State's argument that Fielding's status as a repeat offender, subject to an enhanced sentence, permitted the State to file charges in the circuit court, is without merit. Because, as the State concedes, the notices of intent to seek enhanced penalties in the instant case were not filed until after the criminal informations were filed in the circuit court, then it must be true that when those informations were filed, Fielding was not yet eligible for an enhanced penalty, under TR § 27-101(k)(1)(iii).[16] It follows that, when the informations were filed, neither case satisfied the threshold for concurrent jurisdiction in the circuit court, "confinement for 3 years or more or a fine of $2,500 or more," CJ § 4-302(d)(1)(i), and therefore, under CJ § 4-301(a) and (b)(1), jurisdiction remained, at that time, in the District Court. Consequently, because the criminal informations were filed in a court that lacked jurisdiction, that court's actions, in docketing those filings, had no legal effect, because, as the Court of Appeals has explained, "any action taken by a court while it lacks 'fundamental jurisdiction' is a nullity, for to act without such jurisdiction is not to act at all." *Pulley*, *supra*, 287 Md. at 416. *Accord State v. Garner*, 90 Md. App. 392 (1992) (holding that, following the defendant's demand for jury trial, which divested the District Court of jurisdiction over

---

[16] As we shall subsequently explain, even had the State filed, in the circuit court, the notices of intent to seek enhanced penalties simultaneously with the criminal informations, the District Court still would not have been divested of jurisdiction over the offenses charged in these cases.

14

all his traffic offenses, his payment of a traffic fine[17] to the District Court was of no legal effect); *Powers v. State*, 70 Md. App. 44 (1987) (holding that, following the State's filing of charges in the circuit court, which divested the District Court of jurisdiction over all the defendant's vehicular offenses (including those that otherwise would have been within the sole jurisdiction of the District Court), his payment of a traffic fine[18] to the District Court was of no legal effect).

Moreover, the State's filing of the notices of intent to seek enhanced penalties did not and could not have divested the District Court of jurisdiction over the charges in these cases. Those triggering events, which divest the District Court of original jurisdiction in criminal cases, are expressly delineated by statute:

> (e)(1) The District Court is deprived of jurisdiction if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court.
>
> (2)(i) Except as provided in subparagraph (ii) of this paragraph, unless the penalty for the offense with which the defendant is charged permits imprisonment for a period in excess of 90 days, a defendant is not entitled to a jury trial in a criminal case.

---

[17] Garner attempted to pay a fine for a minor traffic offense so that he could avoid a more serious charge of driving while intoxicated, by invoking a double jeopardy defense. *State v. Garner*, 90 Md. App. 392, 395-96 (1992).

[18] Powers attempted to pay a fine for a minor traffic offense so that he could avoid more serious charges of manslaughter by automobile and homicide by motor vehicle while intoxicated, by invoking a double jeopardy defense. *Powers v. State*, 70 Md. App. 44, 45-47 (1987). In that case, the event that divested the District Court of jurisdiction was the State's filing of criminal informations that included charges, which were indisputably within the concurrent jurisdiction of the District Court and the circuit court. *See* Md. Code (1974, 1984 Repl. Vol., 1986 Cum. Supp.), CJ § 4-302(f), the present-day version of which is codified at CJ § 4-302(f)(1)(i)-(ii).

15

(ii) Notwithstanding the provisions of subparagraph (i) of this paragraph, the presiding judge of the District Court may deny a defendant a jury trial if:

> 1. The prosecutor recommends in open court that the judge not impose a penalty of imprisonment for a period in excess of 90 days, regardless of the permissible statutory or common law maximum;
>
> 2. The judge agrees not to impose a penalty of imprisonment for a period in excess of 90 days; and
>
> 3. The judge agrees not to increase the defendant's bond if an appeal is noted.

(iii) The State may not demand a jury trial.

(f)(1) Except as provided in Title 4, Subtitle 5 of the Family Law Article, the District Court does not have jurisdiction of an offense otherwise within the District Court's jurisdiction if a person is charged:

(i) With **another offense** arising out of the same circumstances but not within the District Court's jurisdiction; or

(ii) **In the circuit court with an offense arising out of the same circumstances and within the concurrent jurisdictions of the District Court and the circuit court** described under subsection (d) of this section.[19]

(2) In the cases described under paragraph (1) of this subsection, the circuit court for the county has exclusive original jurisdiction over all the offenses.

---

[19] *See supra* note 8 for the text of subsection (d).

CJ § 4-302(e), (f) (emphasis added). According to the statute, there are only three triggering events even remotely relevant to this appeal[20]: a defendant's prayer for jury trial; the State's filing of a charge, "arising out of the same circumstances but not within the District Court's jurisdiction"; and, the State's filing of a charge, in the circuit court, "arising out of the same circumstances and within the concurrent jurisdictions of the District Court and the circuit court."

The first triggering event, a defendant's prayer for jury trial, does not apply here because there was no prayer for jury trial. The second triggering event, that the defendant be charged with "another offense arising out of the same circumstances but not within the District Court's jurisdiction," also does not apply here because all charges in these cases were within the District Court's jurisdiction[21] and because, moreover, an enhanced penalty statute, such as TR § 27-101(k), does not create "another offense" but merely creates a different punishment for the same offense. And finally, the third triggering event, that the defendant be charged with "an offense arising out of the same circumstances and within the concurrent jurisdictions of the District Court and the circuit court," does not apply here because, as we have explained, the DUI charges in these cases were not within the concurrent jurisdiction of the District Court and the circuit court.

---

[20] Other exceptions relate to juvenile delinquency proceedings. CJ § 4-302(b).

[21] The State contends that the DUI charges in these cases were within the concurrent jurisdiction of both the District Court and the circuit court, not that those charges were not within the District Court's jurisdiction.

17

In any event, there is no reference, in CJ § 4-302, to the State's filing of a notice of intent to seek enhanced penalties. Applying the interpretive canon *expressio unius est exclusio alterius*, "under which statutory lists are . . . interpreted as exclusive, so that a court will draw the negative inference that no other items may be added," *Potomac Abatement, Inc. v. Sanchez*, 424 Md. 701, 712 (2012), we conclude that the State's filing of a notice of intent to seek enhanced penalties is not an event that divests the District Court of its jurisdiction. Although the Court of Appeals has advised that that canon "should be applied with extreme caution," as it is "not a rule of law, but merely an auxiliary rule of statutory construction applied to assist in determining the intention of the Legislature where such intention is not manifest from the language used," *id.* at 713 (quoting *Breslin v. Powell*, 421 Md. 266, 294 (2011)), we think that canon must apply in construing a jurisdictional statute, which is intended to convey with certainty the metes and bounds of a court's subject-matter jurisdiction.

That is especially true in construing the jurisdiction of the District Court, which is "a unified court of limited statutory jurisdiction" whose jurisdiction "shall be uniform throughout the State." *Birchead v. State*, 317 Md. 691, 698 (1989) (footnote omitted). As a court of special jurisdiction, the District Court may exercise "only those powers granted to [it] by statute," *Smith v. State*, 399 Md. 565, 577 (2007), and we therefore conclude that CJ § 4-302 should not be construed as containing unenumerated, implied exceptions to jurisdiction. *Cf. State v. Green*, 367 Md. 61, 76 (2001) (observing "that, except as may be constitutionally authorized, the right of appeal is entirely dependent upon statutes") (citing *Cardinell v. State*, 335 Md. 381, 425 (1994) (Eldridge, J.,

18

dissenting)).[22]  Accordingly, jurisdiction over the charges in these cases was and remains in the District Court until that court renders a final judgment.[23]

Because the circuit court lacked fundamental jurisdiction over these cases, its judgments were "nullit[ies]." *Pulley*, *supra*, 287 Md. at 416.  Accordingly, we vacate Fielding's convictions and remand with instructions to grant his motion to dismiss.

> **JUDGMENTS OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY VACATED.  CASES REMANDED WITH INSTRUCTIONS TO GRANT APPELLANT'S MOTION TO DISMISS. COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.**

---

[22] In *State v. Green*, 367 Md. 61 (2001), a case concerning statutory limits on the appellate jurisdiction of the Court of Special Appeals, the Court of Appeals overruled *Cardinell v. State*, 335 Md. 381 (1994), and largely adopted the dissenting opinion of Judge Eldridge in *Cardinell*, which construed those limitations strictly.  The *Green* Court further cautioned that "the invocation of common law principles in an area specifically addressed by the General Assembly might violate the constitutional separation of powers principle[.]" *Green*, 367 Md. at 77.  *See Cardinell*, 335 Md. at 426 (rejecting the notion that an appellate court "may reach into a repository of alleged 'common law' doctrines whenever it desires to ignore limitations set forth by the General Assembly" in a comprehensive statutory scheme) (Eldridge, J., dissenting).  Although *Green* addressed our appellate jurisdiction, its principles apply equally to our construction of the comprehensive statutory scheme that defines the subject-matter jurisdiction of the District Court.

[23] We note, in passing, that the State could have avoided the jurisdictional defect in these cases if, earlier, it had entered *nolle prosequi* to all the traffic citations and then filed criminal informations in the circuit court, simultaneously with notices of intent to seek enhanced penalties.  Of course, if those notices were defective, Fielding could have thereafter moved to dismiss. *See supra* note 6.  The sufficiency of the notices of intent to seek enhanced penalties is not before us in this appeal, and we express no opinion as to that issue.