*Stephen Zimmerman v. State of Maryland*, No. 19, September Term, 2024, Opinion by Killough, J.

**PROBATION REVOCATION – RIGHT OF REVIEW**

The Supreme Court of Maryland held that the Appellate Court of Maryland lacked jurisdiction to consider the petitioner's appeal of a probation revocation that originated in the District Court and was reviewed *de novo* by the circuit court. Under § 12-305 of the Courts and Judicial Proceedings Article, the Supreme Court of Maryland has exclusive appellate jurisdiction over final judgments of a circuit court entered in the exercise of its appellate jurisdiction over District Court cases. Accordingly, further review may be pursued only by petition for a writ of certiorari to the Supreme Court.

Circuit Court for Frederick County
Case No.: C-10-CR-23-000824
Argued: November 7, 2024

IN THE SUPREME COURT
OF MARYLAND

No. 19

September Term, 2024

STEPHEN ZIMMERMAN

v.

STATE OF MARYLAND

Fader, C.J.
Watts
Booth
Biran
Gould
Eaves
Killough,

JJ.

Opinion by Killough, J.

Filed: May 22, 2025

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

We established in *Burch v. State* that when a District Court revokes a defendant's probation, the exclusive appellate remedy is an appeal to the appropriate circuit court under Md. Code (1974, 2013 Repl. Vol.), § 12-401(b) of the Courts and Judicial Proceedings Article ("CJP"). 278 Md. 426, 428–30 (1976). This appeal presents the question of what further appellate review is available to a criminal defendant after the circuit court, sitting in its appellate capacity, revokes his probation. The parties contend that any subsequent appellate review of the revocation of probation must proceed exclusively by petition for a writ of certiorari to the Supreme Court of Maryland. We agree. Pursuant to CJP §§ 12-305 and 12-307(2), the Supreme Court, by writ of certiorari, has exclusive jurisdiction to review "any case in which a circuit court has rendered a final judgment on appeal from the District Court[.]" Accordingly, we hold that this Court—not the Appellate Court of Maryland—has jurisdiction over this appeal. We now explain our reasoning.

**I.**

Petitioner Stephen Zimmerman pled guilty to second-degree assault on April 8, 2021. He was sentenced to ten years, all suspended except the time he served in pretrial detention and was placed on three years of supervised probation. In October 2022, a warrant was issued charging Zimmerman with a violation of probation. On September 6, 2023, the District Court of Maryland sitting in Frederick County found that Zimmerman violated the conditions of his probation, revoked his probation, and imposed a seven-year custodial sentence for his violation. Zimmerman noted a timely *de novo* appeal to the Circuit Court for Frederick County. On January 5, 2024, the circuit court held a consolidated violation of probation hearing on both Zimmerman's *de novo* appeal from

District Court, along with other circuit court cases in which Zimmerman was also charged with violating his probation. Those other circuit court cases are not relevant to this appeal. Zimmerman admitted to the violation in the instant case and the circuit court imposed a custodial sentence of seven years.

On January 16, 2024, Zimmerman filed a motion requesting a new trial, which the circuit court denied without a hearing. On February 28, 2024, the circuit court docketed Zimmerman's handwritten pro se "Motion for Appeal," which was filed in both his appeal from the District Court case at issue here and his separate violation of probation cases in the circuit court. On February 29, 2024, the Appellate Court of Maryland docketed Zimmerman's motion as an application for leave to appeal, and directed the State to respond. The State filed a motion to transfer the appeal to the Supreme Court of Maryland and submitted a substantive answer as to why the appeal was improperly noted to the Appellate Court. The Appellate Court granted the motion to transfer, reasoning that because Zimmerman was appealing a circuit court decision issued in its appellate capacity, any further appellate review could be pursued only in the Supreme Court.

By order dated July 29, 2024, we issued a writ of certiorari to the Circuit Court for Frederick County to consider the threshold jurisdictional question: "[w]hether further appellate review lies in either the Supreme Court of Maryland or the Appellate Court of Maryland from a circuit court's order revoking probation when the circuit court's order was entered in the exercise of appellate jurisdiction over a decision of the District Court of Maryland."

## II.

## A.

"It is an often stated principle of Maryland law that appellate jurisdiction, except as constitutionally authorized, is determined entirely by statute, and that, therefore, a right of appeal must be legislatively granted." *Gisriel v. Ocean City Bd. of Supervisors of Elections*, 345 Md. 477, 485 (1997). Maryland law prescribes different procedures for appellate review based on case type and jurisdiction. Generally, a party has a broad right to appeal any final judgment of a circuit court pursuant to CJP § 12-301. That provision provides:

> Except as provided in § 12-302 of this subtitle, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, *unless in a particular case the right of appeal is expressly denied by law*.

CJP § 12-301 (emphasis supplied).

CJP § 12-302 contains several exceptions to the general right to appeal a circuit court's final judgment, but only two of those exceptions are implicated in this appeal. The first is CJP § 12-302(a), which provides that:

> Unless a right to appeal is expressly granted by law, *§ 12-301 of this subtitle does not permit an appeal from a final judgment of a court entered or made in the exercise of appellate jurisdiction in reviewing the decision of the District Court,* an administrative agency, or a local legislative body.

(emphasis supplied).

The second relevant exception to the general right to appeal a circuit court's final judgment is found in CJP § 12-302(g), which provides: "[CJP] § 12-301 . . . does not permit

an appeal from the order of a circuit court revoking probation. Review of an order of a circuit court revoking probation shall be sought by application for leave to appeal."

Therefore, Title 12 of the Courts and Judicial Proceedings Article ("Title 12") provides no authority for an automatic right to appeal a circuit court's revocation of probation, regardless of whether the probation originated in the District Court or the circuit court. To assess what other appellate rights Petitioner may have in this circumstance, we will briefly review the historical limitations on the right to appeal final judgments from the circuit court and explore whether there is an available discretionary path for review in cases involving the revocation of probation in criminal matters.

**B.**

In *Gisriel*, we summarized the historical background of CJP § 12-302(a)'s limitation on the right to appeal. The original statute (Ch. 87 of the Acts of 1785, § 6) granted the "full power and right to appeal" to any party aggrieved by the judgment of a county court. *Gisriel*, 345 Md. at 487. Despite the broad language, this Court construed that statute—and its successors—as inapplicable when a court exercises special limited statutory jurisdiction rather than its ordinary common law jurisdiction. *Id.*

> When a county court or a circuit court was exercising a special limited statutory jurisdiction, and not a common law-type of jurisdiction, this Court regularly held that the general appeals statutes did not authorize an appeal, and that an appeal could be taken only if authorized by a specific statute relating to the particular type of statutory jurisdiction being exercised.

*Id.* (citing *Wilmington & Susquehanna R.R. Co. v. Condon*, 8 G. & J. 443, 448–49 (1837)). We went on to observe in *Gisriel* that "this rule of construction" was applied in a variety of contexts where the county or circuit court reviewed decisions of various tribunals or

4

government officials, including specialty courts, local government officials or administrative agencies. *Gisriel*, 345 Md. at 487–88.

The District Court of Maryland was established in 1970 pursuant to Article IV, §§ 1 and 41A of the Maryland Constitution. The District Court is a court of limited jurisdiction whose authority is defined and constrained by statute. *See* CJP § 1-60; *see also Fielding v. State*, 238 Md. App. 262, 279 (2018) ("As a court of special jurisdiction, the District Court may exercise 'only those powers granted to [it] by statute[.]'" (quoting *Smith v. State*, 399 Md. 565, 577 (2007) (alteration in *Fielding*))). This stands in contrast to the State's circuit courts, which are courts of general jurisdiction. As a result, the circuit courts may exercise appellate jurisdiction over decisions of the District Court pursuant to CJP § 12-401. *See, e.g.*, *Burch*, 278 Md. at 428–30 (holding that an order revoking probation and reinstating a suspended sentence constitutes a final judgment appealable from the District Court to the circuit court under CJP § 12-401).

*CJP §§ 12-305 and 12-307*

In 1973, the General Assembly recodified the appeals statutes in the Courts and Judicial Proceedings Article, effective January 1, 1974, thereby retaining the broad grant of the right to appeal in CJP § 12-301 while expressly preserving the limitation for special statutory jurisdiction via CJP § 12-302(a). Thus, the General Assembly's enactment of CJP § 12-302(a) made CJP § 12-301

> inapplicable to appeals from final judgments of circuit courts reviewing decisions of the District Court, administrative agencies, or legislative bodies. Nevertheless, judgments of the circuit courts reviewing decisions of the District Court are generally subject to further discretionary appellate review by petitions for writs of certiorari filed in the [Supreme Court.]

5

*Gisriel*, 345 Md. at 489 (citing CJP §§ 12-305 and 12-307(2)).

Under the scheme created by the General Assembly, a final judgment issued by a circuit court sitting in its appellate capacity may only be reviewed by petition for a writ of certiorari to the Supreme Court of Maryland. CJP § 12-305 states:

> The Supreme Court of Maryland shall require by writ of certiorari that a decision be certified to it for review and determination in any case in which a circuit court has rendered a final judgment on appeal from the District Court . . . if it appears to the Supreme Court of Maryland, upon petition of a party
>
> that:
>
> . . .
>
> (2) There are . . . special circumstances rendering it desirable and in the public interest that the decision be reviewed.

This limitation is reinforced by CJP § 12-307(2), which vests jurisdiction in the Supreme Court of Maryland "to review a case or proceeding decided by a circuit court, in accordance with § 12-305 of this Article."

We analyzed the interplay between §§ 12-301, 12-302(a), 12-305, and 12-307 in *State v. Anderson,* 320 Md. 17 (1990). In that case, the State sought to appeal the circuit court's dismissal of a criminal charge set out in the charging document while exercising its appellate jurisdiction over a District Court judgment. *Id.* at 23. The issue centered on whether the Appellate Court had jurisdiction over the State's appeal. We held that appellate jurisdiction in that case did not lie with the Appellate Court. *Id.* at 26. We reasoned that the right to appeal conferred by CJP § 12-301 is limited by the exception in CJP § 12-302(a), and that no independent source of appellate jurisdiction exists beyond

6

those limitations. *Id.* at 25–26. We construed CJP §§ 12-301 and 12-302(a) and determined that they are "reinforced" by CJP § 12-305. *Id.*

> We further observed that CJP §§ 12-305 and 12-307(2):
>
> > are the only provisions of the Courts and Judicial Proceedings Article expressly authorizing further review of circuit court final judgments rendered in cases on appeal from the District Court, and they provide that there shall be discretionary review by the [Supreme Court of Maryland] and not an appeal to the [Appellate Court of Maryland]. As . . . pointed out by Chief Judge Murphy for the Court in *State v. Jefferson,* 319 Md. 674, 678 n.1 (1990), "[t]he [Supreme Court of Maryland], not the [Appellate Court of Maryland], has the authority to review cases 'in which a circuit court has rendered a final judgment on appeal from the District Court.' [CJP] § 12-305." *But cf., Legal Aid Bureau v. Farmer,* 74 Md. App. 707, 709-714 (1988).

*Anderson*, 320 Md. at 26; *see also Crosby v. State*, 408 Md. 490, 503–04 n.15 (2009) (defendant's appeal of a circuit court judgment to the Appellate Court was transferred to the Supreme Court because the circuit court was exercising its appellate jurisdiction pursuant to CPJ §§ 12-302, 12-305–308).

## C.

In the present matter, the Appellate Court correctly recognized that further review of Petitioner's revocation of probation lies exclusively in this Court under its discretionary review authority pursuant to CJP § 12-305 when it granted the State's motion to transfer. The Petitioner's violation of probation originated in the District Court, and the District Court's revocation was reviewed *de novo* by the circuit court in its appellate capacity. Under CJP § 12-305, appellate review of final judgments from the circuit court must be sought by petition for writ of certiorari to the Supreme Court. The statutory language is

7

unambiguous, and both the Petitioner and Respondent agree that any further review must be exclusively by certiorari.

Alternatively, Petitioner posits that the Appellate Court also has jurisdiction over this appeal under CJP § 12-302(g). This section permits discretionary appeals to the Appellate Court from circuit court orders revoking probation by application for leave to appeal.

Enacted in 1991—one year after our decision in *Anderson*—CJP § 12-302(g) was designed to eliminate an appeal as a matter of right to the Appellate Court from a circuit court's revocation of probation. Instead, subsection (g) requires a party to file an application for leave to appeal, which could be granted or denied at the discretion of the Appellate Court. H.B. 988, 1991 Leg., Reg. Sess. (Md. 1991), enacted as 1991 Md. Laws Ch. 240. The purpose of this provision was to reduce the burden on the Appellate Court from hearing appeals as a matter of right. *See* 1991 Md. Laws Ch. 240 ("[for] the purpose of prohibiting an *appeal as of right* from an order of a circuit court revoking probation and requiring instead the filing of an application for leave to appeal" (emphasis supplied)). As such, CJP § 12-302(g) has no application to a circuit court's order revoking probation while sitting in an appellate capacity to review an order of the District Court, as to which there was no right to appeal to be eliminated.

Nothing in CJP § 12-302(g) conflicts with the Supreme Court's exclusive certiorari jurisdiction over judgments entered by circuit courts on appeal from the District Court as established in CJP § 12-305. On its face, CJP § 12-302(g) addresses probation revocation orders originating in circuit court where there otherwise would have been a right of

8

appeal—providing that CJP § 12-301 "does not permit an appeal"—not those reviewed by a circuit court in its appellate capacity, for which the only right of further review is by petition for writ of certiorari. Subsection (g) does not create a parallel right of appeal or reference CJP § 12-305, nor does it purport to create an exception to CJP § 12-302(a), which generally precludes appellate review after a circuit court's decision on a District Court matter. Instead, it operates on a set of cases as to which an appeal is not precluded by CJP § 12-302(a): those originating in circuit court.

This conclusion aligns with the structure of Title 12, which allocates appellate jurisdiction between the Supreme Court and the Appellate Court. Sections 12-307 and 12-308 confirm that the Supreme Court is the sole forum for reviewing cases where the circuit court has rendered a final judgment on appeal from the District Court. The review path is clear: after circuit court review, the only available further review is by certiorari from the Supreme Court.

Although no previous case definitively resolves whether CJP § 12-302(g) governs revocation of probation orders entered by a circuit court acting in its appellate capacity, the existing case law provides persuasive indications that subsection (g) applies only when the underlying probation order originated in the circuit court. In *Stachowski v. State*, this Court characterized as a jurisdictional fact that when a circuit court reviews a District Court's revocation of probation in the exercise of its appellate jurisdiction,[1] the intermediate

---

[1] We filed three separate opinions in connection with *Stachowski v. State*. In *Stachowski v. State*, 403 Md. 1 (2008), we explained that Stachowski appealed the revocation of his probation in the District Court to the circuit court. When the circuit court

9

appellate court lacks authority to review the circuit court's judgment, and that any further appellate review lies "exclusively by discretionary writ of certiorari" under CJP §§ 12-305 and 12-307(2). 416 Md. 276, 280-81 (2010). This understanding is consistent with our earlier decisions in *Crosby* and *Anderson*, both of which reaffirm the principle that once a circuit court has rendered a decision on appeal from the District Court, further review may be pursued only by petition for writ of certiorari to this Court.

The plain language of CJP § 12-302(g), read in context with the broader statutory scheme, confirms that it was not intended to alter the Supreme Court's exclusive jurisdiction under CJP § 12-305. That is, CJP § 12-302(g) was designed to limit appeals as of right, not to create a parallel route for challenging probation revocation orders. Had the General Assembly intended to provide such an alternative, it would have done so explicitly.

### III.

When a circuit court exercises its appellate jurisdiction to review a District Court's order revoking probation, further appellate review is limited to seeking a discretionary writ of certiorari from this Court. Our analysis is based on the statutory language of Title 12, primarily CJP §§ 12-302, 12-305 and 12-307(2), as well as our historical treatment of appellate rights from District Court judgments. This would differ if Petitioner's order of

---

likewise revoked his probation, he sought further review by filing applications for leave to appeal with the Appellate Court. Pursuant to Maryland Rule 8-132, the Appellate Court transferred the applications to this Court, which granted certiorari. We ultimately dismissed the petition for writ of certiorari on procedural grounds. In *State v. Stachowski*, 440 Md. 504 (2014), we finally reached the merits of the appeal. That opinion, however, is not relevant to the issues presented in this appeal.

probation had originated in the circuit court; in that case, his right to appeal the revocation would be governed by CJP § 12-302(g).  Accordingly, the Appellate Court's decision to transfer this case to the Supreme Court of Maryland is affirmed.  The Court will therefore treat Zimmerman's notice of appeal, which was transferred to this Court by the Appellate Court, as a deficient petition for writ of certiorari.  If Petitioner seeks this Court's review of the circuit court's revocation of his probation in its appellate capacity, he must file a proper petition for writ of certiorari within 30 days of the date of this Court's mandate.

**ORDER OF THE APPELLATE COURT OF MARYLAND IS AFFIRMED.  COSTS TO BE DIVIDED EQUALLY BETWEEN THE PARTIES.**

11