*Donald Eugene Bailey v. State of Maryland*, No. 77, September Term, 2018. Opinion by Getty, J.

**CRIMINAL LAW—SUBSEQUENT OFFENDER ENHANCEMENT—PROCEDURAL DEFICIENCY WITH NOTICE**

The State's belated notice did not result in the trial court imposing an illegally enhanced sentence. Instead, the State's belated notice to the defendant was a procedural deficiency reviewed for harmless error. A defendant was not prejudiced beyond a reasonable doubt due to the belated notice when the notice was five days late.

**CRIMINAL LAW—INEFFECTIVE ASSISTANCE OF COUNSEL—DIRECT APPEAL**

Failure to object to a subsequent offender sentencing enhancement is not proper for review on direct appeal. In order to develop a record for review explaining counsel's actions, the defendant's claim was best heard within a post-conviction posture.

Circuit Court for Prince George's County
Case No. CJ171506
Argued: May 6, 2019

IN THE COURT OF APPEALS
OF MARYLAND

No. 77

September Term, 2018

_____

DONALD EUGENE BAILEY

v.

STATE OF MARYLAND

_____

Barbera, C.J.,
McDonald,
Watts,
Hotten,
Getty,
Booth,
Harrell, Glenn T., Jr.,
        (Senior Judge, Specially Assigned)

JJ.

_____

Opinion by Getty, J.
Hotten, J., concurs and dissents.

_____

Filed: July 17, 2019

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Donald Eugene Bailey was convicted by a jury in the Circuit Court for Prince George's County of driving while impaired by alcohol, reckless driving, negligent driving, and failure to control speed to avoid a collision. At sentencing, the circuit court enhanced Mr. Bailey's sentence as a subsequent offender of § 21-902(b)(1) of the Transportation Article (hereinafter "TR") of the Maryland Code. Prior to trial, the State served Mr. Bailey with a notice of his subsequent offender status as required by Maryland Rule 4-245. However, this notice was sent ten days prior to trial in the circuit court which was five days less than required by Maryland Rule 4-245. At no point did Mr. Bailey object to the punishment enhancement. Now, we consider whether this belated notice resulted in an illegal sentence requiring correction, or instead, whether the late notice was a procedural deficiency subject to harmless error review.

## BACKGROUND

The facts underlying Mr. Bailey's conviction are not essential to review in order for us to consider the merits of Mr. Bailey's appeal. However, in order to provide context, we note the following as to the underlying offense. Mr. Bailey was driving on the Capital Beltway, Maryland Interstate 495, in Prince George's County, when his vehicle crashed into the rear of another vehicle on March 4, 2017. A police officer was nearby and heard the crash. As the police officer was investigating the crash, he noticed Mr. Bailey showed signs of intoxication. Mr. Bailey performed field sobriety tests but refused to consent to a breathalyzer or a blood test. Mr. Bailey was arrested and charged with various traffic offenses, including driving while impaired by alcohol in violation of TR § 21-902(b)(1).

Mr. Bailey prayed a jury trial in the District Court of Maryland sitting in Prince George's County on June 16, 2017. Thus, his jury trial prayer transferred jurisdiction to the Circuit Court for Prince George's County. The trial was scheduled on the circuit court docket for October 16, 2017. Subsequently, Mr. Bailey filed a consent motion with the State to continue the trial date. The trial was reset for December 11, 2017.

The State served its notice of increased penalty as a subsequent offender to Mr. Bailey on December 1, 2017. However, the notice was sent five days later than required by Maryland Rule 4-245. The enhanced penalty was available under the subsequent offender statute because Mr. Bailey had a prior conviction for driving under the influence on January 24, 2017, in the District of Columbia.

A two-day jury trial in the circuit court commenced on December 11, 2017. The jury found Mr. Bailey guilty of driving while impaired and other related offenses. Mr. Bailey was sentenced in February 2018 to one year of incarceration with all but eight weekends suspended plus two years of probation. As a subsequent offender, Mr. Bailey's potential exposure to incarceration increased by ten months. During the trial and sentencing hearing, Mr. Bailey did not object to the imposition of the subsequent offender enhancement.

Then, Mr. Bailey timely appealed his sentence to the Court of Special Appeals. In an unreported opinion, the court split by a 2-1 vote to affirm the sentence of the circuit court. The majority opinion concluded that even though the "failure to give any notice before trial is substantive and gives rise to an illegal sentence," in this case the "failure to give *timely* notice is a procedural error . . . subject to harmless error analysis" and, in fact,

2

did "not give rise to an illegal sentence." *Bailey v. State*, No. 2503, Sept. Term, 2017, 2019 WL 290066, at *4 (Md. Ct. Spec. App. Jan. 2, 2019) (emphasis added).

In reaching their conclusion, the majority applied *King v. State*, 300 Md. 218 (1984). In *King*, this Court determined that harmless error analysis applied when the State filed a timely but insufficiently specific subsequent offender notice. *Id.* at 232. The majority held that, in this case, the error was harmless because Mr. Bailey had "actual notice." *Bailey,* No. 2503 at *4. Further, he did not sustain any prejudice as a result of the belated notice and no due process concerns existed. *Id.*

The dissenting opinion in the Court of Special Appeals concluded that this case should be controlled by *Carter v. State*, 319 Md. 618 (1990). In *Carter*, the sentencing court was not permitted to enhance the defendant's sentence when the State did not provide the defendant with any notice of the enhanced punishment prior to trial. *Id.* at 623. Thus, if applying *Carter* in this case, the sentencing judge should have been precluded from enhancing Mr. Bailey's sentence. *Bailey*, No. 2503 at *5 (dissenting opinion). The dissent provided three reasons for its opinion: (1) "*Carter* was written later than *King* and . . . did not employ the harmless error analysis," therefore it modified the holding in *King*; (2) "to the extent that *Carter* and *King* are inconsistent," Mr. Bailey's case is "closer to the facts in *Carter* . . . than . . . in *King*"; and (3) *Carter* is the "better-reasoned" opinion. *Id.*

We granted Mr. Bailey's petition for writ of certiorari on March 5, 2019. *Bailey v. State*, 463 Md. 144 (2019). Mr. Bailey presented two questions for this Court to consider:

> (1) Did the Court of Special Appeals err in holding that the trial court did not illegally impose an enhanced sentence after the State failed to serve timely notice under Maryland Rule 4-245(b)?

3

(2) If Mr. Bailey's sentence was not illegal, did the Court of Special Appeals misapply the test for determining whether Mr. Bailey received ineffective assistance of counsel?[1]

With regard to the first question, we hold that the State's belated notice did not result in the trial court imposing an illegally enhanced sentence. Instead, the State's belated notice to Mr. Bailey was a procedural deficiency subject to preservation requirements and not an illegal sentence that may be challenged pursuant to Maryland Rule 4-345(a). As a result, we review for harmless error Mr. Bailey's claim and hold that Mr. Bailey was not prejudiced by the belated notice. As for the ineffective assistance of counsel claim, we decline to review that issue on direct appeal. Instead, Mr. Bailey's ineffective assistance of counsel claim should be considered within a post-conviction proceeding. Therefore, we affirm the judgment of the Court of Special Appeals.

## DISCUSSION

### I. Sentence enhancement pursuant to Maryland Rule 4-245(b)

The primary question in this case is whether enhancement of a subsequent offender's sentence is legal when the State files a belated notice of the enhancement that did not comply with Maryland Rule 4-245(b). Mr. Bailey was convicted of driving while impaired by alcohol in violation of TR § 21-902(b)(1). As a first-time offender, Mr. Bailey

---

[1] As to the second question, Mr. Bailey specifically posed in his petition for writ of certiorari:

2. Assuming, *arguendo*, that Petitioner's sentence was not illegal, did the Court of Special Appeals misapply the test for determining whether he received ineffective assistance of counsel?

would have been subjected to "imprisonment not exceeding 2 months or a fine not exceeding $500 or both." TR § 21-902(b)(1)(ii)(1). However, as a subsequent offender, Mr. Bailey's potential exposure under the enhanced sentence increased to "imprisonment not exceeding 1 year or a fine not exceeding $500 or both." TR § 21-902(b)(1)(ii)(2).

Maryland Rule 4-245 articulates procedures the State is required to follow in order to potentially subject a defendant to an enhanced penalty as a subsequent offender. In relevant part, this rule provides:

> **(a) Definition.** A subsequent offender is a defendant who, because of a prior conviction, is subject to additional or mandatory statutory punishment for the offense charged.

> **(b) Required Notice of Additional Penalties.** When the law permits but does not mandate additional penalties because of a specified previous conviction, the court shall not sentence the defendant as a subsequent offender unless the State's Attorney serves notice of the alleged prior conviction on the defendant or counsel before the acceptance of a plea of guilty or nolo contendere or at least 15 days before trial in circuit court or five days before trial in the District Court, whichever is earlier.

> **(c) Required Notice of Mandatory Penalties.** When the law prescribes a mandatory sentence because of a specified previous conviction, the State's Attorney shall serve a notice of the alleged prior conviction on the defendant or counsel at least 15 days before sentencing in the circuit court or five days before sentencing in the District Court. If the State's Attorney fails to give timely notice, the court shall postpone sentencing at least 15 days unless the defendant waives the notice requirement.

> \*\*\*

> **(e) Determination.** Before sentencing and after giving the defendant an opportunity to be heard, the court shall determine whether the defendant is a subsequent offender as specified in the notice of the State's Attorney.

Mr. Bailey acknowledges that he would qualify as a subsequent offender under the statute. As TR § 21-902(b)(1)(i) did not *require* the court to impose an enhanced

5

sentence—i.e., the enhancement was not mandatory, the State was required to send notice to Mr. Bailey pursuant to Maryland Rule 4-245(b). However, the State's notice was five days late. In this appeal, the State concedes that the notice was not timely pursuant to the Rule.

Mr. Bailey contends before this Court that under Maryland Rule 4-245(b), the sentencing judge had no discretion to enhance Mr. Bailey's sentence as a subsequent offender because of the State's failure to serve timely notice of the enhanced penalty. Further, under Maryland Rule 4-345(a), if a trial court has no discretion to impose the sentence, then the imposed sentence is illegal. Therefore, Mr. Bailey asserts that his sentence was illegal because the trial court did not have discretion to impose the enhanced penalty and thus must be vacated under Maryland Rule 4-345(a).

The State contends that the Court of Special Appeals correctly concluded that Mr. Bailey's enhanced sentence for driving while impaired was not an illegal sentence for purposes of Maryland Rule 4-345(a). The State posits that non-compliance with the notice requirement was a procedural error that was subject to preservation and waiver. Moreover, Mr. Bailey did not adequately preserve his objection and this matter is subject to harmless error review. The State argues the belated notice amounted to harmless error because Mr. Bailey has not alleged any prejudice from the belated notice.

*i. Review of Mr. Bailey's sentence pursuant to Maryland Rule 4-345(a)*

As a threshold question, we must determine whether the circuit court's application of the enhancement after the State's belated notice was an imposition of an "illegal" sentence under Maryland Rule 4-345(a). Pursuant to Maryland Rule 4-345(a), "[t]he court

6

may correct an illegal sentence at any time." If the sentence is illegal, it is not subject to preservation requirements and may be corrected even if: "(1) no objection was made when the sentence was imposed, (2) the defendant purported to consent to it, or (3) the sentence was not challenged in a timely-filed direct appeal." *Chaney v. State*, 397 Md. 460, 466 (2007). In this case, Mr. Bailey never objected to the imposition of the enhancement in the circuit court. Therefore, in order for Mr. Bailey to secure review of his unpreserved objection, this Court must determine the sentence was illegal.

The legality of a sentence under Maryland Rule 4-345(a) is a question of law reviewed de novo. *State v. Crawley*, 455 Md. 52, 66 (2017). In construing the Maryland Rules, "we apply the same principles of construction employed in interpreting statutes." *Lee v. State*, 332 Md. 654, 658 (1993). Maryland Rule 4-345(a) is intended to correct sentences that are "inherently illegal", not just "merely the product of procedural error." *See, e.g.*, *Colvin v. State*, 450 Md. 718, 728 (2016) ("With this case, we reaffirm the rule that only claims sounding in substantive law, not procedural law, may be raised through a [Maryland] Rule 4-345(a) motion."); *Matthews v. State*, 424 Md. 503, 512 (2012) ("[T]he illegality must inhere in the sentence itself, rather than stem from trial court error during the sentencing proceeding."); *Tshiwala v. State*, 424 Md. 612, 619 (2012) ("A sentence does not become 'an illegal sentence because of some arguable procedural flaw in the sentencing procedure.'" (citations omitted)); *Montgomery v. State,* 405 Md. 67, 74–75 (2008) ("[A] trial court error during the sentencing proceeding is not ordinarily cognizable under Rule 4-345(a) where the resulting sentence or sanction is itself lawful."). `

7

Based on the review of our precedent, the imposition of a sentence enhancement despite the State's failure to timely serve the notice for the enhanced sentence does not qualify as an illegal sentence pursuant to Maryland Rule 4-345(a). We decline to expand our prior interpretation of an "illegal" sentence to include cases such as this one. We have previously stated that "[t]he scope of this privilege, allowing collateral and belated attacks on the sentence and excluding waiver as a bar to relief, is narrow." *Chaney v. State*, 397 Md. 460, 466, (2007) (emphasis omitted). "In other words, a motion to correct an illegal sentence is not an alternative method of obtaining belated appellate review of the proceedings that led to the imposition of judgment and sentence in a criminal case." *State v. Wilkins*, 393 Md. 269, 273 (2006). The State's imperfect compliance created a procedural deficiency in the sentence but not a sentence in which the circuit court did not have statutory power to impose. Mr. Bailey's sentence was appropriate for a defendant whose sentence was enhanced as a subsequent offender. Review pursuant to Maryland Rule 4-345(a) is not appropriate in this matter.

*ii. Review of State's failure to provide timely notice*

Mr. Bailey is precluded from challenging his sentence pursuant to Maryland Rule 4-345(a) and he failed to object to the sentencing enhancement as a subsequent offender after the State's deficient notice. Maryland Rule 8-131(a) prescribes that "[o]rdinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court, but the Court may decide such an issue if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal." Therefore, defendants are required to object and raise any issue so that it may be

8

decided by the trial court. *Nalls v. State*, 437 Md. 674, 691 (2014). Without an objection, the issue is typically deemed waived. *Id.*

In rare instances, pursuant to Maryland Rule 8-131(a), we may exercise our discretion to review an unpreserved issue. In *Lewis v. State*, 452 Md. 663, 699 (2017) (quoting *Ray v. State*, 435 Md. 1, 22 (2013)), we noted:

> We usually elect to review an unpreserved issue only after it has been thoroughly briefed and argued, and where a decision would (1) help correct a recurring error, (2) provide guidance when there is likely to be a new trial, or (3) offer assistance if there is a subsequent collateral attack on the conviction.

In this matter, we choose to exercise our discretion to review the unpreserved issue. The issue has been thoroughly briefed and argued. Further, we believe this decision will help trial courts to apply *King v. State*, 300 Md. 218 (1984) and *Carter v. State*, 319 Md. 618 (1990) in the future. Finally, based on the second issue before this Court, we suspect Mr. Bailey will seek a subsequent collateral attack on his conviction and a decision of this issue will provide guidance for that proceeding. Therefore, we will review this matter on its merits.

In reviewing the effect of the State's deficient notice in this matter, we note two cases in which we have previously discussed the notice requirement of Maryland Rule 4-245(b), namely *King v. State*, 300 Md. 218 (1984) and *Carter v. State*, 319 Md. 618 (1990). Interpretation of these cases in the Court of Special Appeals created the division between the majority and dissent. We will review each case and other relevant case law in turn.

In *King*, the State sought to increase the defendant's punishment for unlawful possession and transportation of a handgun. *Id.* at 220. At the time, the notice requirement

9

for an enhancement was governed by Maryland Rule 734(b).[2] At sentencing, the defendant objected to a sentencing enhancement arguing the State's notice did not comply with Maryland Rule 734. *Id.* at 221. The defendant argued that the State's notice was defective because it failed to properly set forth the prior conviction that the State was relying on for the enhancement. *Id.* at 222. Despite the defective notice, the defendant admitted that he was not surprised by the enhancement and that he had full knowledge of the prior conviction. *Id.* The trial court chastised the State but ultimately concluded that the lack of surprise and prejudice to the defendant permitted the trial court to overrule the objection and enhance the sentence. *Id.*

In reviewing the imposition of the enhancement, the Court of Appeals examined the history behind the notice requirement. *Id.* at 224. The Court determined that "[t]he purpose underlying the notice provision of the enhanced punishment statute is, and always has been, to inform a defendant fully of the nature of the State's case against him in order that he may intelligently conduct his defense." *Id.* at 231. This requirement exists in order that a defendant can receive the pertinent information to determine whether to accept a plea agreement or proceed to trial. *Id.* at 232.

Even though the notice was undoubtedly deficient, under the facts before the Court in *King*, we determined the error was harmless beyond a reasonable doubt. *Id.* We concluded:

> Given that there was full knowledge of the nature and circumstances of the prior conviction despite the inadequate notice, the appellant was not in any

---

[2] Rule 734(b) is the predecessor to Maryland Rule 4-245.

way hampered in his ability either to decide whether to plead guilty or proceed to trial, or having elected a jury trial, in presenting and preparing his defense.

*Id.* Therefore, despite the State's failure to comply with the Rule, we reached the ultimate conclusion that the error was harmless beyond a reasonable doubt. *Id.*

Within *King*, we cited to and adopted the reasoning of *Arnold v. United States*, 443 A.2d 1318 (D.C.App. 1982), a case from the District of Columbia reviewing a comparable notice requirement.[3] In *Arnold*, the defendant objected to the submission of enhanced penalty notice after the jury had been selected, but before they were sworn. *Id.* at 1319. The government was required pursuant to the rule to submit the papers prior to trial. *Id.* at 1324. The Court evaluated whether submission after the jury had been selected qualified as "prior to trial." *Id.* In answering this question, the Court also looked to the purpose of the statute and determined it was "(1) to give notice to the defendant so that he may reasonably assess whether to plead guilty or proceed to trial, and (2) to avoid the 'unfairness' of increasing the potential punishment after the trial has begun." *Id.* at 1326. Ultimately, the Court concluded that "informations seeking enhanced penalties must be filed before the process of selecting a jury has started in order to comply with the requirement of filing such informations 'prior to trial.'" *Id.* However, the Court found that while the government must file the enhanced punishment prior to the impaneling of the jury, the error was harmless. *Id.* at 1328. "The overriding statutory purpose of providing

---

[3] The District of Columbia Statute and the Federal statutes served as models for Maryland Rule 734, which is the predecessor of Maryland Rule 4-245(b). *See King*, 300 Md. at 229.

11

a defendant 'notice' of the possibility of enhanced punishment was clearly satisfied in this case." *Id.*

After *King*, this Court issued its opinion in *Carter v. State*, 319 Md. 618 (1990). In *Carter*, we considered whether a defendant's sentence may be enhanced when the subsequent offender notice is filed after the matter was heard in the District Court but before the *de novo* appeal to the circuit court. *Id.* at 619. This Court cited to *King* and reaffirmed that the purpose of the notice requirement existed so that the defendant was fully aware of the nature of the State's case. *Id.* at 621. However, in this case, the Court reasoned that the defendant "did not receive notice that he would be subject to enhanced punishment until after the District Court trial took place. Therefore, he did not have the opportunity to make a realistic assessment of the consequences of pleading guilty and waiving formal proof in District Court." *Id.* at 622–623. Further, "nor could he intelligently conduct his defense without knowing what his full potential sentence might be." *Id.* at 623. As a result, the maximum penalty the defendant could receive was a sentence without the subsequent offender enhanced penalty. *Id.* The sentencing judge was not permitted to enhance the defendant's sentence because of the State's failure to provide notice to the defendant.

We conclude *King* governs this matter. We also note that *King* and *Carter* can be reconciled. In fact, contrary to the assertions of the dissent in the Court of Special Appeals' opinion, *Carter* reaffirms *King*. *Carter,* 319 Md. at 621 ("Although *King* dealt with the specificity requirements of the notice, we believe that the analysis articulated there is equally applicable to the time requirements."). In *King*, as in this case, the notice was

12

defective. In *Carter*, there was no notice. The failure to provide notice impacts substantive rights and undermines completely the purpose of the notice requirement. However, when there is a procedural defect with the notice, such as untimely notice or other defects, the enhancement is subject to harmless error analysis. This result achieves the purpose of Rule 4-245, which ultimately is to provide notice to defendants before their trials in order that the defendants can determine how to proceed forward.[4]

In reviewing the circumstances of this case, we conclude the error was harmless beyond a reasonable doubt. When reviewing for harmless error, we follow the standard set forth in *Dorsey v. State*:

> [W]hen an appellant, in a criminal case, establishes error, unless a reviewing court, upon its own independent review of the record, is able to declare a belief, beyond a reasonable doubt, that the error in no way influenced the verdict, such error cannot be deemed "harmless" and a reversal is mandated.

276 Md. 638, 659 (1976). Despite the fact that in cases such as this one, the error does not influence the jury's verdict, we have previously stated that the harmless error analysis set forth in *Dorsey* applies to proceedings involving sentences after convictions as well. *King*,

---

[4] We also acknowledge that a procedural defect could implicate due process. By way of example, if a defendant receives the notice the day before trial, the defendant may not have sufficient time to determine how to proceed. However, in this instance, Mr. Bailey had sufficient notice to determine how to proceed with his case and we do not find a due process violation in this matter.

Further, in order to preserve this issue for review in the future, defendants should object to the untimeliness or incompleteness of the State's notice at sentencing. This will permit the Court to weigh any prejudice from the State's insufficient compliance and preserve the issue for future review. When no notice is provided, the defendant's prejudice is obvious and the sentence may not be enhanced.

300 Md. at 224. In reviewing for harmless error in this instance, we are examining whether the State's belated notice in any way influenced Mr. Bailey's pre-trial decisions. Here, Mr. Bailey had actual notice and he has not argued that he sustained prejudice as a result of the late notice. Although ten days was not fifteen days, Mr. Bailey was still afforded adequate time to determine how he wished to proceed in this matter. Had Mr. Bailey received the notice five days earlier, it is highly unlikely he would have proceeded any differently in this case. Therefore, the error in this matter was harmless and we affirm the Court of Special Appeals as to this first issue.

## II. Ineffective Assistance of Counsel Claim

We disagree with the Court of Special Appeals' assertion that Mr. Bailey's ineffective assistance of counsel claim is moot. Mr. Bailey was given two years of probation after the completion of his eight weekends of incarceration that started on February 2, 2018, and a portion of his sentence was suspended. Therefore, he is currently on probation. However, even though this matter is not moot, we agree with the Court of Special Appeals that any claim Mr. Bailey has of ineffective assistance of counsel is best heard within the post-conviction setting.

To succeed on an ineffective assistance of counsel claim, the defendant must show: (1) that his or her counsel's performance was deficient, and (2) that he or she suffered prejudice because of the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the deficient performance, the defendant must show that the attorney's performance was objectively unreasonable under "prevailing professional norms." *Strickland*, 466 U.S. at 688. "Judicial scrutiny of counsel's performance is highly

14

deferential, and there is a strong (but rebuttable) presumption that counsel rendered reasonable assistance and made all significant decisions in the exercise of reasonable professional judgment." *In re Parris W.*, 363 Md. 717, 725 (2001) (citations omitted). In order to rise to the level of ineffective assistance, counsel's actions must not be the result of trial strategy. *Coleman v. State*, 434 Md. 320, 338 (2013). To establish prejudice, a defendant "must show either: (1) 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'; or (2) that 'the result of the proceeding was fundamentally unfair or unreliable.'" *Newton v. State*, 455 Md. 341, 355 (2017) (quoting *Coleman*, 434 Md. at 340–341).

We have previously stated that we rarely consider ineffective assistance of counsel claims on direct appeal. However this rule is "not absolute and, where the critical facts are not in dispute and the record is sufficiently developed to permit a fair evaluation of the claim, there is no need for a collateral fact-finding proceeding, and review on direct appeal may be appropriate and desirable." *In re Parris W.*, 363 Md. at 726 (citations omitted). Mr. Bailey argues his attorney was objectively deficient and that the critical facts are not in dispute. Under prevailing professional norms, Mr. Bailey's attorney should have been aware of applicable sentencing laws and rules. Therefore, Mr. Bailey contends that if counsel was aware of the notice requirement, there was no conceivable tactical reason not to object during the sentencing, as a successful objection would have limited Mr. Bailey's exposure under TR § 21-902(b)(1)(ii) to a maximum of two months' incarceration instead of one year of incarceration. Therefore, counsel's failure to alert the court to the argument

regarding limitations on its sentencing authority was plainly deficient. The State argues that Mr. Bailey's claim should be heard in a post-conviction setting.

This Court addressed whether to consider a direct appeal of an ineffective assistance of counsel claim in *Mosley v. State*, 378 Md. 548 (2003). In *Mosley*, the defendant was convicted of various crimes involving an armed robbery in Baltimore City. *Id.* at 553. On direct appeal, the defendant argued that he was denied effective assistance of counsel because his counsel did not state with particularity the grounds for the motion for judgment of acquittal made at the close of the evidence. *Id.* at 554. Specifically, counsel failed to argue that the air gun used in the course of the robbery could not support convictions for robbery with a dangerous or deadly weapon or carrying a dangerous weapon. *Id.* As a result, the issue was not preserved for appeal.

This Court reviewed in part whether an ineffective assistance of counsel claim could be addressed on direct appeal. We acknowledged that it is possible, however, "[p]ost-conviction proceedings are preferred with respect to ineffective assistance of counsel claims because the trial record rarely reveals why counsel acted or omitted to act, and such proceedings allow for fact-finding and the introduction of testimony and evidence directly related to allegations of the counsel's ineffectiveness." *Id.* at 560. This Court determined that "the adversarial process found in a post-conviction proceeding generally is the preferable method" when evaluating an ineffective assistance of counsel claim. *Id.* at 562. This Court also acknowledged there are limited circumstances in which this Court will review a claim on direct review. *Id.* at 564–67 ("We have been willing, thus, to consider these claims on direct review only when the facts found in the trial record are sufficiently

16

developed to clearly reveal ineffective assistance of counsel and that counsel's performance adversely prejudiced the defendant.").

In *Mosley*, we could not conclude that the evidence was insufficient to sustain the defendant's conviction, and thus, could not determine whether his counsel was ineffective. *Id.* As a result, we determined that the post-conviction proceeding was the appropriate venue to evaluate the ineffective assistance of counsel claim. *Id.*

Likewise, in this case, the trial record does not "clearly illuminate" why counsel's actions were ineffective. *See id.* We will not second-guess counsel's actions on direct appeal when there is an opportunity to introduce testimony and evidence directly related to this issue. We decline to make counsel's actions in this matter a *per se* instance of an ineffective assistance of counsel claim. Therefore, a post-conviction proceeding is the appropriate venue for Mr. Bailey's claim.

## CONCLUSION

The State's belated notice did not result in the trial court imposing an illegally enhanced sentence. Instead, the State's belated notice to Mr. Bailey was a procedural deficiency subject to preservation requirements. As a result, we review Mr. Bailey's claims for harmless error. We conclude that Mr. Bailey was not prejudiced beyond a reasonable doubt due to the belated notice. As for the ineffective assistance of counsel claim, Mr.

Bailey's claim is best heard within a post-conviction posture.  Therefore, we affirm the

judgment of the Court of Special Appeals.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.**

IN THE COURT OF APPEALS

OF MARYLAND

No. 77

September Term, 2018

_____

DONALD EUGENE BAILEY

v.

STATE OF MARYLAND

_____

Barbera, C.J.,
McDonald,
Watts,
Hotten,
Getty,
Booth,
Harrell, Glenn T., Jr.,
(Senior Judge, Specially Assigned)

JJ.

_____

Concurring and Dissenting Opinion by
Hotten, J.

_____

Filed: July 17, 2019

Respectfully, I dissent with the Majority on the first issue, but concur regarding the Majority's conclusion as to the second question. As such, my focus will be limited accordingly.

The Majority affirmed the decision of the Court of Special Appeals, holding that "[t]he State's imperfect compliance [with the timely notice provision specified in Maryland Rule 4-245(b)] created a procedural deficiency in the sentence[,]" *slip opinion* at 8, that does not equate to an "inherently illegal sentence" pursuant to Maryland Rule ("Rule") 4-345(a). However, I believe that the notice provision in Rule 4-245(b) serves as a condition precedent to the trial court's sentencing authority. In acting contrary to the parameters of its authority, the trial court imposed an "inherently illegal" sentence that can only be remedied by vacating Petitioner's sentence. Furthermore, our case law supports the proposition that violation of the express notice requirements in Rule 4-245(b) requires vacating Petitioner's sentence. I explain more fully, *infra*.

## "INHERENTLY ILLEGAL" SENTENCES VERSUS "PROCEDURALLY ILLEGAL" SENTENCES[1]

Pursuant to Rule 4-345(a), "[t]he court may correct an **illegal sentence** at any time." (emphasis added). The case law of this State distinguishes between "inherently" illegal sentences—subject to correction at any time under Rule 4-345(a)—and "procedurally" illegal sentences—"subject to ordinary review and procedural limitations[.]" *Bryant v. State*, 436 Md. 653, 663, 84 A.3d 125, 131 (2014); *see also Carlini v. State,* 215 Md. App.

---

[1] Our case law uses the terms "inherently illegal" and "substantively illegal" interchangeably. For consistency, I use the term "inherently illegal" throughout this dissent.

415, 419-20, 81 A.3d 560, 563 (2013); *Tshiwala v. State,* 424 Md. 612, 619, 37 A.3d 308, 312 (2012).

*The illegality inheres in Petitioner's sentence because the trial court lacked the requisite authority to impose the enhanced sentence.*

> An illegal sentence, for purposes of Rule 4–345(a), is one in which **the illegality inheres in the sentence itself**; *i.e.*, there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was imposed and, for either reason, is intrinsically and substantively unlawful.

*Colvin v. State*, 450 Md. 718, 725, 150 A.3d 850, 854 (2016) (emphasis added) (internal quotations and citations omitted). We are called upon to consider whether the trial court imposed an inherently illegal sentence. Based on the State's failure to adhere to the prerequisites mandated by Rule 4-245(b), the trial court lacked the authority to impose Petitioner's sentence. *See Baker v. State,* 389 Md. 127, 133–34, 883 A.2d 916, 919–20 (2005) (holding that a sentence is inherently illegal if "the sentence never should have been imposed[ ]"). In several cases, we have held that when "the trial court, for various reasons, **lack[s] the power or authority** to impose the contested sentence[,]" the sentence is inherently illegal. *Johnson v. State*, 427 Md. 356, 370, 47 A.3d 1002, 1010 (2012) (emphasis added) (citing *Alston v. State*, 425 Md. 326, 40 A.3d 1028 (2012); *Jones v. State,* 384 Md. 669, 866 A.2d 151 (2005); *Holmes v. State,* 362 Md. 190, 763 A.2d 737 (2000); and *Walczak v. State,* 302 Md. 422, 488 A.2d 949 (1985)).

Rule 4-245(b) imposed a **mandatory condition** that the State had to fulfill before the trial court could impose Petitioner's enhanced sentence. Rule 4-245(b) provides that:

2

> When the law permits but does not mandate additional penalties because of a specified previous conviction, **the court shall not sentence the defendant** as a subsequent offender unless the State's Attorney **serves notice** of the alleged prior conviction on the defendant or counsel before the acceptance of a plea of guilty or [*nolo contendere*] or **at least 15 days before trial in circuit court** or five days before trial in District Court, whichever is earlier.[2]

(emphasis added). In the instant case, the State sought to sentence Petitioner as a subsequent offender, relying on an earlier January 24, 2017 conviction for driving under the influence. The State was obligated to serve notice "at least 15 days before trial in circuit court[,]" but provided notice only ten days before Petitioner's trial. Given the express language of Rule 4-245(b), which operates as a condition precedent to the trial court's imposition of an enhanced sentence, the trial court lacked the requisite authority to impose Petitioner's sentence. No doubt, Rule 4-245(b) creates a procedural notice requirement. However, the procedural nature of the Rule creates an express condition that must be

---

[2] Md. Rule 4-245(b) applies to permitted, but not mandated, additional penalties for subsequent convictions.

In contrast, Md. Rule 4-245(c) applies to **mandated** additional penalties for subsequent convictions and states:

> When the law prescribes a mandatory sentence because of a specified previous conviction, the State's Attorney shall serve a notice of the alleged prior conviction on the defendant or counsel at least 15 days before sentencing in circuit court or five days before sentencing in District Court. If the State's Attorney fails to give timely notice, the court **shall postpone sentencing** at least 15 days unless the defendant waives the notice requirement.

(emphasis added). In contrast to the plain language of 4-245(b), subsection (c) provides that *even if* the State fails to provide timely notice, the enhanced sentencing provisions remain. The remedy for the defendant under Rule 4-245(c) is the postponement of sentencing.

3

satisfied prior to the trial court's exercise of its sentencing authority. As mandated by Rule 4-245(b), the trial court **"shall not** sentence the defendant as a subsequent offender" unless the State meets the express notice requirements. *See* Rule 1-201(a) (stating that "[w]hen a rule, by the word 'shall' [ ] mandates or prohibits conduct, the consequences of noncompliance are those proscribed by these rules or by statute."). The court's determination to impose an enhanced sentence was not merely an abuse of its discretion; it was inherently illegal.

In the concurrence/dissent authored by Judge Harrell in *State v. Wilkins*, he offered the following explanation of an inherently illegal sentence:

> A sentencing judge commits error if he or she refuses to acknowledge his or her power. . . . [I]f made manifest on the record, the judge's refusal to recognize his or her power . . . results in an illegal sentence because the deficiency inheres in the sentence [itself].
>
> ***
>
> The notion of an 'illegal sentence' . . . deals with substantive law, not procedural law. It has obvious reference to a sentence which is beyond the statutorily[3] granted power of the judge to impose.

*State v. Wilkins*, 393 Md. 269, 285, 288, 900 A.2d 765, 775-76 (2006) (Harrell, J., concurring/dissenting). The trial court failed to acknowledge the limitation in its authority due to the State's failure to abide by the express 15-day notice provision in Rule 4-245(b). As such, the illegality "inhere[d] in the sentence [itself,]" *id.*, because there was no

---

[3] In Maryland, a trial court's sentencing authority is limited not only by statute, but also by rule. *See Mathews v. State*, 424 Md. 503, 514, 36 A.3d 499, 505 (2012) ("We have deemed sentences inherently 'illegal' pursuant to Rule 4-345(a) when the sentences exceeded the limits imposed by law, be it statute or rule.").

4

authority to impose the sentence in the first place. There was no authority, pursuant to Rule 4-245(b), to impose Petitioner's sentence at all.

## CASE PRECEDENT SUPPORTS THE PROPOSITION THAT VIOLATION OF THE EXPRESS NOTICE REQUIREMENTS IN RULE 4-245(b) REQUIRES VACATING PETITIONER'S SENTENCE

*Carter v. State*, 319 Md. 618, 574 A.2d 305 (1990), governs this matter. In *Carter*, this Court held that the State's notice was untimely, which precluded imposition of an enhanced sentence. The *Carter* Court considered the following issue on appeal: "[W]hether a District Court sentence for driving under the influence of alcohol may be increased in the circuit court under the enhanced punishment statute **when the subsequent offender notice is filed after the District Court trial but before the *de novo* appeal to the circuit court**." 319 Md. at 619, 574 A.2d at 305 (emphasis added). The Court found that the express language of Rule 4-245(b) "clearly requires the State to give notice five days prior to trial in the District Court or fifteen days prior to trial in the circuit court, whichever is earlier." *Id.* at 620, 574 A.2d at 306. Because the State was required to give notice five days prior to the District Court proceeding and failed to do so, "the circuit court was prohibited from sentencing [Carter] as a subsequent offender." *Id.* at 623, 574 A.2d at 307. *Carter* is analogous to the instant matter because it specifically dealt with the **timeliness** of notice. *Carter* supports the proposition that any enhanced sentencing is impermissible for prior convictions absent timely notice under Rule 4-245(b).[4] Further

---

[4] The facts of *Carter* are distinct from those of *Swinson v. State*, 71 Md. App. 661, 527 A.2d 56 (1987), where the Court of Special Appeals held that notice was sufficient. In

(continued . . .)

5

support for this contention comes from *Fielding v. State*, 238 Md. App. 262, 189 A.3d 871

(2018), in which the Court of Special Appeals used *Carter* to draw the following

conclusion:

> If an enhanced penalty statute is of the "permissive-but-not-mandatory" type,
> then, unless and until the State complies with Rule 4-245(b), a "court shall
> not sentence" a defendant as a subsequent offender. In other words, until
> the State complies with Rule 4-245(b), a defendant is *ineligible* to receive
> such an enhanced sentence.

238 Md. App. at 274, 189 A.3d at 878-79. *Fielding* supports the proposition that the trial

court in the instant matter imposed a sentence that it simply did not have the authority to

impose—resulting in an inherently illegal sentence. Because the State failed to abide by

the express 15-day notice requirement specified in Rule 4-245(b), any subsequent

enhanced sentence was inherently illegal.

To the extent that the State argues that it provided "reasonable" notice for enhanced

sentencing, I point to a tenet of statutory construction: "no word, clause, sentence or phrase

[should be] rendered surplusage, superfluous, meaningless or nugatory." *Phillips v. State*,

451 Md. 180, 196-97, 152 A.3d 712, 722 (2017) (internal citation omitted). Rule 4-245(b)

provides specific notice periods for pursuing an enhanced sentence. If we read a

---

(. . . continued)

*Swinson*, the District Court scheduled the case for hearing, but Swinson prayed for a jury
trial **on the date** that the District Court proceeding was to begin. *Id.* at 664, 527 A.2d at
57. Though the State failed to file notice for an enhanced sentence prior to the District
Court proceeding, the *Swinson* Court held that the State's notice 15 days prior to the circuit
court proceeding was acceptable. In contrast to *Carter*, Swinson's case was **never** heard
at the District Court level. Therefore, Swinson did not forego *any* pre-trial or trial strategy
when the State provided notice 15 days prior to the circuit court proceeding.

6

"reasonableness" requirement into Rule 4-245(b), rather than the express periods contemplated in formulating the rule, we render the 15-day notice requirement "nugatory." Akin to *Carter*, the State failed to provide timely notice in accordance with the strict notice requirements specified in Rule 4-245(b), and we should vacate Petitioner's enhanced sentence.

In contrast, we held that the State provided sufficient notice for enhanced sentencing in *King v. State*, 300 Md. 218, 477 A.2d 768 (1984). When this Court heard *King*, the precursor rule to 4-245(b), Rule 734 b, was substantively similar but had an additional provision. Rule 734 b read as follows:

> [N]o defendant shall be sentenced as a subsequent offender unless prior to acceptance of a plea of guilty or [*nolo contendere*] or at least 15 days prior to trial, whichever is earlier, the State's Attorney serves a notice on the defendant or his counsel that the State will seek increased punishment as authorized by law. **The notice shall set forth each prior conviction to be relied upon.**

*Id.* at 228, 477 A.2d at 774 (emphasis added). The State served King with timely notice of its intent to seek enhanced penalties, but the notice was substantively defective because it did not contain King's prior conviction. The *King* Court observed that, though the notice was defective, "[t]he record establishes that the State served notice of its intent to seek the maximum ten year sentence for second offenders **at least fifteen days before trial**, as required by Rule 734 b." *King*, 300 Md. at 232, 477 A.2d at 775 (emphasis added). The *King* Court premised its holding on the **sufficiency** of notice, not the timeliness of notice.

Furthermore, the construction of Rule 734 b is telling: the first sentence of the rule provided that if the State failed to abide by the notice period, then a defendant "shall [not]

7

be sentenced as a subsequent offender[.]"  However, the second sentence of the rule,

providing that "notice shall set forth each prior conviction[,]" did **not** provide any express

consequences for the State's failure to abide by the provision.  Therefore, the holding in

*King* relied upon the second sentence, which was silent on the consequence of the State's

failure to provide prior conviction information.  In contrast, the instant case relies upon the

express provision in the first sentence—the trial court has no authority to impose an

enhanced sentence if the State fails to abide by the explicit notice periods.[5]

King does not govern the instant case.  Any contention that *King* should guide our

analysis neglects the previous iteration of Rule 4-245(b) and overlooks the significant

distinction between the sufficiency and timeliness of notice.[6]

## CONCLUSION

The trial court lacked the authority to impose the sentence Petitioner received and

executed an inherently illegal sentence, which is subject to correction.  *See* Rule 4-345(a).

---

[5] With regards to the Majority's analysis of *Arnold v. United States*, 443 A.2d 1318 (D.C. App. 1982); *see also slip opinion* at 11-12, the relevant District of Columbia statute—§ 23-111—does not prescribe a specific pretrial notice period.  As such, § 23-111, and by extension—*Arnold*—does not reflect the significance of the timing requirement which is at issue.

[6] The State cites *Lee v. State*, 332 Md. 654, 632 A.2d 1183 (1993), to support the contention that a strict 15-day notice requirement is unnecessary.  In *Lee*, this Court held that, if notice of enhanced penalty was *served* (rather than *received*) 15 days prior to trial, then the notice provisions for enhanced sentencing were sufficiently met.  *Lee* is distinguishable to the extent that it specifically dealt with the mailbox rule, which is inapplicable to the case at bar.  However, *Lee* does shed light on the importance of the 15-day requirement, which remained pertinent throughout the analysis.

8

Our case law supports the proposition that violation of the express notice requirements in Rule 4-245(b) requires vacating Petitioner's sentence and remanding to the trial court for resentencing without enhancement.

For these reasons, I respectfully dissent with the Majority's opinion on the first issue, but concur as to the second issue.